# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| GOKSEL SECILMIS, <br><br> Plaintiff, <br><br> v. <br><br> SPIRE RECOVERY SOLUTIONS, LLC, <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 5:24-cv-00025 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes GOKSEL SECILMIS ("Plaintiff"), by and through the undersigned, complaining as to the conduct of SPIRE RECOVERY SOLUTIONS, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692 and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exits for Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Texas and a substantial portion of the events or omissions giving rise to these claims occurred within the Western District of Texas.

## PARTIES

4. Plaintiff is a consumer over-the-age of 18 and resides in San Antonio, Texas, within the Western District of Texas.

5. Defendant is a third-party debt collector. Defendant is a limited liability company under the laws of the state of New York with its principal place of business located at 57 Canal Street, Suite 302, Lockport, New York, 14094. Upon information and belief, Defendant regularly collects from consumers in the state of Texas.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of the nature of Defendant's attempt to collect on a defaulted debt ("subject consumer debt") purported to be owed by Plaintiff.

8. The subject consumer debt stems from Plaintiff's purported past due payments said to be owed in connection with a Personify Financial loan which was used for Plaintiff's personal purposes.

9. Based on information and belief, sometime after Plaintiff defaulted on the subject consumer debts, Defendant began servicing or otherwise obtained the right to collect on the subject consumer debt.

10. In or about the fall of 2023 Defendant began calling and texting Plaintiff at his phone number, (210) XXX-0750 seeking payment for the subject consumer debt.

11. At all relevant times to the instant action, Plaintiff has been the sole subscriber, owner, and operator of the phone number ending in -0750. Plaintiff is, and always has been, financially responsible for the phone and its services.

12. Defendant has used multiple phone numbers when placing calls to Plaintiff, including but not limited to, (210) 985-6001; (210) 898-8799; (210) 898-9679; and (210) 898-9519.

13. Upon information and belief, the Defendant's aforementioned phone numbers are regularly utilized by Defendant during its debt collection activities.

14. Upon information and belief, Defendant systematically varies the phone numbers it calls consumers from in an effort to coerce Plaintiff into answering such and making a payment on the subject debt.

15. Furthermore, upon information and belief Defendant employs telephone numbers with a (210) area code local to Plaintiff in further efforts to coerce him into answering such, despite Defendant not having physical locations in Texas.

16. In or about the fall of 2023, Plaintiff, while on the phone with Defendant, demanded that Defendant cease calling him.

17. Despite Plaintiff's demands, Defendant continued to repeatedly call Plaintiff seeking payment for the subject consumer debt for months.

18. Defendant further began contacting Plaintiff's relatives regarding the subject debt, including but not limited to Plaintiff's sister and cousin.

19. In or around December of 2023, Plaintiff's sister received a text addressed to Plaintiff from Defendant, detailing that they were attempting to reach Plaintiff to collect on the subject debt.

20. In the same month, Plaintiff's cousin received a text detailing the same information.

21. Shortly thereafter, both Plaintiff's sister and cousin reached out to him to inquire about the nature of the debt.

22. Plaintiff suffered emotional distress stemming from Defendant's repeated phone calls and text messages to him and his family regarding the subject debt, especially given the nature of the prior communications Plaintiff had with Defendant.

23. Frustrated, distressed, and concerned with Defendant's conduct, Plaintiff spoke with the undersigned regarding his rights, exhausting time, money and resources.

24. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

25.  Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, confusion, aggravation, emotional distress, being the target of unfair collection efforts, embarrassment from his family having learned of his debt, and a further violation of his state and federally-protected interests to be free from harassing and abusive collection conduct – interests which were materially harmed as a result of Defendant's conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff repeats and realleges paragraphs 1 through 25 as though fully set forth herein.

27. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

28. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

29. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due, or asserted to be owed or due, to others, and further, is a business whose principal purpose is the collection of debts.

30. The subject consumer debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due, or asserted to be owed or due, to another for personal, family, or household purposes.

    a.  **Violations of FDCPA § 1692c**

31. The FDCPA, pursuant to 15 U.S.C. § 1692c(b), prohibits a debt collector from attempting to "communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

32. Defendant violated § 1692c(b) when it sent text messages to Plaintiff's family members disclosing that Plaintiff had a debt. These individuals were prohibited third parties that Plaintiff had not given Defendant permission to contact. Furthermore, these messages were not for the purposes of locating Plaintiff as permitted by 15 U.S.C. § 1692b, as at no point in these messages did Defendant make efforts to request Plaintiff's location, instead merely disclosing that Plaintiff owed a debt.

    b.  **Violations of FDCPA § 1692d & 12 C.F.R. § 1006.14.**

33. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." § 1692d(5) further prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

34. The newly amended Regulation F provides further guidance on what circumstances constitute harassing and oppressive debt collection conduct. 12 C.F.R. § 1006.14(b)(2) provides guidance on when calls are made repeatedly and continuously, and debt collectors are presumed

to comply with these provisions if they follow certain guidelines. However, the commentary thereto confirms that this presumptive compliance can be rebutted by several factors, including "[t]he content of a person's prior communications with the debt collector." Examples of prior communications with consumers that can evince an intent to harass through phone calls include calls following a demand that such calls cease, and similarly following a consumer informing a debt collector that they refuse to pay the debt. Additionally, pursuant to 12 C.F.R. § 1006.14(h), a debt collector cannot "communicate or attempt to communicate with a person through a medium of communication if the person has requested that the debt collector not use that medium to communicate with the person."

35. Defendant violated §§ 1692d & 1692d(5), and 12 C.F.R. §§ 1006.14(b)(2) & 1006.14(h) through its harassing and noncompliant collection campaign directed towards Plaintiff. Plaintiff notified Defendant that its calls were not welcome and needed to cease. Defendant knew that its continued placement of phone calls would be unwelcome to Plaintiff, yet nevertheless persisted, illustrating its intent to harass Plaintiff through its phone calls. Defendant's harassing intent can be further inferred upon considering the nature and pattern of its phone call campaign, including the placement of text messages to Plaintiff's family members. Further, upon becoming aware of Plaintiff's desire to receive no further collection calls regarding the subject consumer debt, Defendant was obligated to cease utilizing such medium of communication in its efforts to collect the subject consumer debt from Plaintiff – however, such calls persisted notwithstanding Defendant's obligation to cease. Defendant engaged in this harassing and noncompliant conduct in an effort to harass and annoy Plaintiff into addressing the subject consumer debt.

36. Defendant further violated § 1692d when it harassingly and oppressively contacted Plaintiff's family members in connection with its efforts to collect the subject debt from Plaintiff.

Upon information and belief, after Plaintiff informed Defendant to cease placing calls regarding the subject debt, Defendant persisted in placing text messages to Plaintiff's family members, in addition to Plaintiff. Such contacts to third parties with no connection to the subject debt, save from being related to the purported debtor, constitutes conduct that had the natural consequence of harassing Plaintiff, as Defendant harassingly sought to create outward pressure on Plaintiff to address the subject debt lest Defendant's knowingly harassing campaign of phone calls continue.

  c. **Violations of FDCPA § 1692e**

37. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

38. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

39. Defendant violated §§ 1692e and e(10) through its deceptive and misleading conduct surrounding its phone calls and texts placed to Plaintiff and his family. Such conduct falsely represented to Plaintiff that Defendant had the legal right to continue calling him, and the right to text his family, when in fact both courses of conduct are prohibited by law. Defendant further violated the same when it deceptively employed phone numbers with San Antonio area codes in an effort to trick Plaintiff into answering its calls. This intent to deceive is illustrated in the fact that all of the above-referenced phone numbers Defendant uses are (202) San Antonio area numbers. Upon information and belief, Defendant has access to a wide array of phone numbers it calls consumers from nationwide, which use a variety of area codes from around the country. Here, Defendant made a point to attempt to contact Plaintiff using area codes near him, which would appear to be more likely to be someone who Plaintiff knew or otherwise had local business with.

**d. Violations of FDCPA § 1692f**

40. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

41. Defendant violated § 1692f by unfairly contacting Plaintiff via telephone after he specifically demanded that such calls cease.

42. Defendant further violated § 1692f when it unfairly contacted Plaintiff's family members on multiple occasions.

WHEREFORE, Plaintiff, GOKSEL SECILMIS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

43. Plaintiff restates and realleges paragraphs 1 through 42 as though fully set forth herein.

44. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

45. Defendant is a "debt collector" and/or "third party debt collector" as defined by Tex. Fin. Code Ann. §§ 392.001(6) and 392.001(7).

46. The subject consumer debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a. Violations of TDCA § 392.302

47. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

48. Defendant violated the TDCA when it called Plaintiff after he demanded it not do so.

49. Defendant violated the TDCA when it used the telephone to contact family members of Plaintiff by way of placing text messages to them, further harassing Plaintiff, albeit indirectly.

### b. Violations of TDCA § 392.304

50. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

51. Defendant violated the above-referenced portion of the TDCA in much the same way it violated 15 U.S.C. §§ 1692e of the FDCPA.

WHEREFORE, Plaintiff, GOKSEL SECILMIS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

   d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

   e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

   f. Enjoining Defendant from further contacting Plaintiff; and

   g. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 8, 2024                     Respectfully submitted,

                                                       s/ Nathan C. Volheim
                                                       Nathan C. Volheim, Esq. #6302103
                                                       Federal I.D. No. 3098183
                                                       Counsel for Plaintiff
                                                       Admitted in the Western District of Texas
                                                       Sulaiman Law Group, Ltd.
                                                       2500 South Highland Ave., Suite 200
                                                       Lombard, Illinois 60148
                                                       (630) 568-3056 (phone)
                                                       (630) 575-8188 (fax)
                                                       nvolheim@sulaimanlaw.com